IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HUBERT DUWAYNE HILL,<br><br>    Plaintiff,<br><br>v.<br><br>WELLPATH MEDICAL PROVIDER,<br>DR. CLEVELAND RAYFORD, DR.<br>AMPADU, JODY COLLMAN, ROBERT<br>KELLEY, TOM SCHMIDT, DEPUTY<br>SCHWENDEMANN, DEPUTY<br>CARLISLE, and JOHN DOE DEPUTY,<br><br>    Defendants. | Case No. 25-cv-333-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Hubert Duwayne Hill, a pretrial detainee at the Madison County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Hill alleges that Defendants denied him medical care, used excessive force, and retaliated against him for filing grievances.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

## The Complaint

On January 3, 2025, Hill was booked into the Madison County Jail (Doc. 1, p. 4). During the booking process, Hill informed a deputy that he suffered from Stage 4 cirrhosis of the liver, schizoaffective disorder, post traumatic stress syndrome, and a right shoulder injury that he suffered during his arrest (*Id.*). The following day, he told an intake nurse about his conditions and informed the nurse that he was in pain from his shoulder injury. Nursing staff informed Hill that they would notify the doctor about the conditions.

On January 5, 2025, medical staff informed Hill that Dr. Cleveland Rayford was only going to prescribe him one of his medications and a blood pressure medication, but Rayford would not see Hill for his other conditions (Doc. 1, p. 4). He also only prescribed Tylenol and Ibuprofen for Hill's arm. Hill filed a grievance due to Rayford's failure to see him. He also complained that both Tylenol and Ibuprofen were inappropriate pain medications given his cirrhosis (*Id.*). Dr. Rayford has refused to see Hill the entire time he has been confined at the Madison County Jail (*Id.* at p. 5).

After filing grievances, Hill received threats and intimidations from officers (Doc. 1, p. 5). On January 8, 2025, Lieutenant Schmidt, Deputy Schwendemann, and Deputy Carlisle starting threatening Hill with the use of force if Hill did not stop filing grievances (*Id.*). In return, Hill made threats to staff given his deteriorating health condition (*Id.*). On January 16, 2025, the dispute resulted in a physical altercation between Hill and Lieutenant Schmidt, Deputy Schwendemann, Deputy Carlisle, and another unknown deputy (John Doe Deputy) (*Id.*). Schwendemann punched Hill and Carlisle

slapped him across the face (*Id.*). Schmidt bent and twisted Hill's arm (*Id.*). John Doe Deputy stomped Hill's head (*Id.*).

Hill filed several grievances about the assault (Doc. 1, p. 5). He also submitted several requests to Jail Superintendent Captain Collman, asking for him to intervene in his medical care (*Id.* at pp. 5-6). But Collman refused to obtain medical care for Hill. Hill believes Collman refuses to investigate the treatment provided by Wellpath Medical Provider because their failure to provide care lowers the jail's expenses (*Id.*).

On January 30, 2025, Hill saw Dr. Ampadu for his medical issues (Doc. 1, p. 5). Dr. Ampadu also refused to prescribe pain medications but did order an MRI and orthopedic referral. Both were later denied by the insurance company (*Id.*). Physical therapy was ordered. Although Hill requested a specific pain medication, Dr. Ampadu initially denied the request. Hill later learned from Charge Nurse Kelley that Dr. Ampadu prescribed the pain medication at Kelley's request (*Id.* at p. 6). Hill believes he only received this specific medication because it was on Wellpath's approved medication list (*Id.*). Hill also notes the medication requires increased dosage which Dr. Ampadu refused to prescribe (*Id.*). When Hill disputed the dosage, Dr. Ampadu discontinued the medication (*Id.*). Hill is currently without any pain medication. He submitted numerous grievances, but Kelley "blocked" all of them and they have been denied at Level 2 of the jail's grievance process (*Id.*).

## Preliminary Dismissals

To the extent that Hill attempts to bring a claim against Charge Nurse Kelley, he fails to state a claim. Hill alleges that Kelley helped to obtain a specific medication for

3

Hill, an act that is not objectively unreasonable. The only allegations against Kelley are that he denied Hill's grievances. But the simple denial or mishandling of a grievance does not state a claim. *See Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) (grievance procedures are not mandated by the First Amendment, and the alleged mishandling of grievances by persons who did not otherwise cause or participate in the underlying conduct states no claim). Thus, any potential claim against Kelley is **DISMISSED without prejudice**.

Hill also fails to state a claim against Sherriff Connor because he fails to identify Connor as a defendant in the case caption and fails to allege that he complained to Connor or that Connor was aware of Hill's medical needs or complaints. *See Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (to be properly considered a party a defendant must be "specif[ied] in the caption"). Further, Connor cannot be liable simply in his position as sheriff, because the doctrine of *respondeat superior* (supervisory liability) does not apply to actions filed under Section 1983. *See Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008); *Burks v. Raemisch*, 555 F.3d 592, 593-4 (7th Cir. 2009).

Hill also fails to state a claim against Wellpath Medical Provider, the company providing medical services to jail detainees. As a corporation, Wellpath can only be liable if it had a policy or practice that caused the constitutional violation. *Iskander v. Vill. of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982) (applying municipal liability to private corporations performing governmental functions); *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000). Hill fails to point to any policy or practice that caused his lapse in care. Instead, he alleges the Madison County Jail limited his medical care in order to

limit its costs to Wellpath (Doc. 1, p. 5). Thus, any claim against Wellpath is **DISMISSED without prejudice**.

## Discussion

Based on the allegations in the Complaint, the Court designates the following counts:

> **Count 1:** **Fourteenth Amendment claim against Dr. Cleveland Rayford, Dr. Ampadu, and Jody Collman for refusing to provide Hill with adequate treatment for his medical conditions.**
>
> **Count 2:** **Fourteenth Amendment excessive force claim against Lieutenant Schmidt, Deputy Schwendemann, Deputy Carlisle, and John Doe Deputy for their use of force against Hill on January 16, 2025.**
>
> **Count 3:** **First Amendment retaliation claim against Lieutenant Schmidt, Deputy Schwendemann, Deputy Carlisle, and John Doe Deputy for threatening Hill and using excessive force in response to Hill's grievances regarding his medical care.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Because Hill is a pretrial detainee, his claims for medical care fall under the Fourteenth Amendment, which prohibits all forms of punishment of a pretrial detainee. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015). In order to articulate a claim in this context, a detainee must establish that (1) the defendant "acted purposefully, knowingly, or perhaps even recklessly," and (2) the defendant's conduct was objectively unreasonable. *Miranda v. Cty. of Lake*, 900 F.3d 335, 353-54 (7th Cir. 2018). Negligence and gross negligence do not support a claim under the Fourteenth Amendment. *Miranda*, 900 F.3d at 353. Here, Hill adequately alleges that Dr. Cleveland Rayford, Dr. Ampadu, and Jody Collman acted knowingly, recklessly, and unreasonably in treating his medical conditions. Thus, Count 1 shall proceed.

Similarly, Hill's claim for excessive force in Count 2 also falls under the Fourteenth Amendment. *Lewis v. Downey*, 581 F.3d 467, 473 (7th Cir. 2009). *See Kingsley v. Henderson*, 576 U.S. 389 (2015). To state a claim for excessive force under the Fourteenth Amendment, Hill must show "that the force purposefully or knowingly used against him was objectively unreasonable." *Kingsley*, 576 U.S. at 396-7. At this stage, Hill states a claim for excessive force against Schmidt, Schwendemann, Carlisle, and John Doe Deputy for their use of force against him on January 16, 2025.

Hill's claim in Count 3 falls under the First Amendment. "First Amendment retaliation cases require the [plaintiff] to show that the speech or activity was constitutionally protected, a deprivation occurred to deter the protected speech or activity, and the speech or activity was at least a motivating factor in the decision to take retaliatory action." *Manuel v. Nalley*, 966 F.3d 678, 680 (7th Cir. 2020). "The 'motivating

6

factor' amounts to a causal link between the activity and the unlawful retaliation." *Id.* (citation omitted). Here, Hill alleges that he wrote grievances about his need for medical care and, in response, Defendants threatened him and ultimately used excessive force. Thus, Count 3 also states a viable claim.

## Pending Motions

In addition to his Complaint, Hill filed a Motion for Temporary Restraining Order and/or Preliminary Injunction (Doc. 3). Hill argues that he is still without medical care for his Stage 4 liver cirrhosis and a right shoulder injury. At the time he submitted his motion, he also lacked access to any pain medications. His Complaint and attached grievances indicate that he has been seen by medical providers, although there appears to be some disagreement as to the proper course of treatment and pain medications for his conditions (Doc. 1, pp. 10-22). To the extent that Hill seeks injunctive relief in the form of additional medical care, the Court **ADDS** Sherriff Connor, in his official capacity only, for purposes of responding to the pending motion. Sheriff Connor is **DIRECTED** to file a response to Hill's motion by **May 5, 2025**.

Hill also filed a motion asking the Court to take notice of a previous case against officials at the Madison County Jail (Doc. 2). That case was filed in 2019, and Hill eventually settled his claims. The case, however, involved different defendants and treatment for a foot injury that is not at issue in this lawsuit. Thus, his motion to take judicial notice of the previous proceedings is **DENIED as moot**.

### Disposition

For the reasons stated above, Count 1 shall proceed against Dr. Cleveland Rayford, Dr. Ampadu, and Jody Collman. Counts 2 and 3 shall proceed against Lieutenant Schmidt, Deputy Schwendemann, Deputy Carlisle, and John Doe Deputy. Sherriff Connor is **ADDED** to the case, in his official capacity only, for the purpose of responding to the pending motion for preliminary injunction (Doc. 3). All other potential claims and defendants are **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Defendants Dr. Cleveland Rayford, Dr. Ampadu, Jody Collman, Lieutenant Schmidt, Deputy Schwendemann, Deputy Carlisle, and Sheriff Connor (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Hill. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Hill, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the

address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

Because Hill's claims involve his medical care, the Clerk of Court is **DIRECTED** to enter the Court's standard HIPAA Qualified Protective Order.

If judgment is rendered against Hill, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Hill is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED:  March 20, 2025

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**