**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

HUBERT DUWAYNE HILL,

      Plaintiff,

v.

DR. CLEVELAND RAYFORD, DR.
AMPADU, JODY COLLMAN, TOM
SCHMIDT, MATT SCHWENDEMAN,
JACOB CARLISLE, JOHN DOE DEPUTY,
and SHERIFF JEFF CONNOR,

      Defendants.

Case No. 25-cv-333-NJR

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Hubert Duwayne Hill, a pretrial detainee at the Madison County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. After review of the Complaint pursuant to 28 U.S.C. § 1915A, Hill was allowed to proceed on the following counts:

| | |
|---|---|
| Count 1: | Fourteenth Amendment claim against Dr. Cleveland Rayford, Dr. Ampadu, and Jody Collman for refusing to provide Hill with adequate treatment for his medical conditions. |
| Count 2: | Fourteenth Amendment excessive force claim against Lieutenant Schmidt, Deputy Schwendemann, Deputy Carlisle, and John Doe Deputy for their use of force against Hill on January 16, 2025. |
| Count 3: | First Amendment retaliation claim against Lieutenant Schmidt, Deputy Schwendemann, Deputy Carlisle, and John Doe Deputy for threatening Hill and using excessive force in response to Hill's grievances regarding his medical care. |

1

(Doc. 6, p. 5). Claims against Wellpath Medical Provider were dismissed because Hill failed to point to any policy or practice that caused lapses in his care (*Id.* at p. 4). Further, claims against Sheriff Connor were dismissed because Hill failed to allege that Connor was aware of his medical needs or complaints (*Id.*).

This matter is now before the Court on Hill's motion to amend his Complaint (Doc. 72) and stipulation to identify the John Doe (Doc. 73). Hill has now identified Ryan Dawdy as the John Doe Deputy who used excessive force. He further seeks to add claims against Dr. Michael Schackter, as well as to re-allege claims against Wellpath Inc.

Under Federal Rule of Civil Procedure 15(a)(1), a plaintiff may amend his pleading once as a matter of course within "21 days after service of a responsive pleading." The time for filing an amended pleading as a matter of course has passed, and thus Hill may amend his pleading under Rule 15(a)(2) "only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). The decision to grant a plaintiff leave to amend a complaint under Rule 15(a)(2) is within the sound discretion of the Court. *Pugh v. Tribune Co.*, 521 F.3d 686, 698 (7th Cir. 2008); *Orix Credit Alliance, Inc. v. Taylor Mach. Works, Inc.*, 125 F.3d 468, 480 (7th Cir. 1997). Leave to amend may be denied for several reasons, however, including: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party…[or the] futility of amendment." *Barry Aviation, Inc. v. Land O'Lakes Municipal Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004). Hill's proposed new claims and allegations are also subject to review pursuant to 28 U.S.C. § 1915A.

Hill has now identified the John Doe Deputy as Lieutenant Ryan Dawdy (Doc. 73, p. 1). His proposed Amended Complaint further clarifies Dawdy's involvement in the use of

2

force, alleging that he twisted Hill's right arm, causing damage to his right shoulder (Doc. 72-1, p. 5). He also alleges that Dawdy stomped on Hill's head and applied pressure with his foot to his jaw (*Id.*). To the extent that Hill seeks to identify the remaining John Doe and clarify his involvement in the use of force, Hill's motion to amend is **GRANTED**. The Clerk of Court is **DIRECTED** to **SUBSTITUTE** Ryan Dawdy in place of the John Doe Deputy.

Hill also seeks to add claims against Dr. Schackter. He alleges that he saw Dr. Schackter in May or June and was prescribed Nortriptilin for his pain (Doc. 72-1, p. 10). That medication failed to provide him with any relief so Dr. Schackter later prescribed Tramadol, which Hill acknowledges relieved his pain (*Id.*). In order to articulate a claim regarding his medical care, a detainee must establish that (1) the defendant "acted purposefully, knowingly, or perhaps even recklessly," and (2) the defendant's conduct was objectively unreasonable. *Miranda v. Cty. of Lake*, 900 F.3d 335, 353-54 (7th Cir. 2018). Negligence and gross negligence do not support a claim under the Fourteenth Amendment. *Miranda*, 900 F.3d at 353. There are simply no allegations suggesting that Dr. Schackter acted knowingly or recklessly in treating Hill's pain. Although Hill alleges that the pain medication Dr. Schackter first prescribed provided him with no relief and he later learned from a nurse that it was a sleeping medication, the allegations suggest that Dr. Schackter continued to try other medications when the first medication failed to provide relief. He later prescribed Tramadol, which Hill acknowledged helped with his pain. Although the first medication might not have provided the relief Hill sought, there are no allegations to suggest that Dr. Schackter purposefully provided ineffective medication. At most, his actions suggest negligence. Thus, Hill fails to state a claim against Dr. Schackter.

As to Wellpath Inc., Hill alleges that they have a system in place that requires approval by an insurance company for any referral made by a doctor (Doc. 72-1, p. 11). Hill notes that Dr. Ampadu and Dr. Schackter referred him to an orthopedic specialist, but that referral was denied by Wellpath's insurance company (*Id.*). Hill acknowledges that Dr. Schackter appealed the denial, which was ultimately approved, but Hill alleges that his referral was delayed for over a year and he was left in pain during that time (*Id.*). At this stage, Hill adequately alleges a *Monell* claim against Wellpath for their referral practice. Thus, the Court **ADDS** the following count:

> Count 4: Fourteenth Amendment claim against Wellpath Inc. for having a practice of reviewing and denying referrals to specialists which led to delays in Hill's medical care.

For the reasons stated above, Hill's motion to amend (Doc. 72) is **GRANTED in part and DENIED in part**. The Clerk of Court is **DIRECTED** to file the proposed Amended Complaint (Doc. 72-1). John Doe Deputy is identified as Lieutenant Ryan Dawdy. Further, Count 4 is **ADDED** against Wellpath Inc. The Clerk of Court is **DIRECTED** to serve Ryan Dawdy and Wellpath Inc. in accordance with the Court's initial merits review order (Doc. 6).

**IT IS SO ORDERED.**

**DATED: April 29, 2026**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**

4